IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-51363

DERRICK MCGEE

Plaintiff-Appellee

V.

OSCAR CARRILLO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CV-248

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sheriff Oscar Carrillo appeals the district court's Order dismissing his Rule 12(b) Motion to Dismiss on grounds of qualified immunity. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Derrick McGee was arrested in January 2005 and charged in Hudspeth County, Texas, with possession of a controlled substance. He was released on bond but, after failing to appear at a scheduled court hearing, his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bond was revoked and a warrant was issued. McGee was arrested in California and extradited to Hudspeth County on June 6, 2005. McGee alleges that, on that same day, all of the state's charges were dismissed and no additional charges were filed. Nonetheless, Sheriff Arvin West held McGee in Hudspeth County until June 9, 2005, when West transferred McGee to Sheriff Oscar Carrillo in Culberson County, Texas, pursuant to an Interlocal Agreement between the two counties.[1] McGee alleges that he was held in Culberson County jail until July 11, 2005, when he was transferred back to Hudspeth. The next day, he was released from Hudspeth County jail.

On July 11, 2007, McGee filed a 42 U.S.C. § 1983 complaint in the Western District of Texas against (i) West, individually and in his capacity as Sheriff of Hudspeth County; (ii) Hudspeth County; (iii) Carrillo, individually and in his capacity as Sheriff of Culberson County; and (iv) Culberson County. The complaint alleges that both West and Carrillo had illegally detained him for thirty-six days. McGee claimed that such detention constituted a "violation of his clearly established rights to be free of unreasonable seizure" and a "deprivation of liberty without due process of law" under the Fourth, Fifth, and Fourteenth Amendments. Such conduct, he stated, was "objectively unreasonable."

On August 24, 2007, Carrillo filed a Rule 12(b) Motion to Dismiss alleging, inter alia, that he was entitled to qualified immunity.[2] On October 17, 2007, the

---

[1] Texas Government Code § 791.011(a) states that "[a] local government may contract or agree with another local government . . . to perform governmental functions and services in accordance with this chapter." Such functions and services include police protection and detention services, id. § 791.003(3)(A), and an interlocal agreement may authorize a local government to "provide a governmental function or service that each party to the contract is authorized to perform individually," id. § 791.011(c)(2). For the purposes of this appeal, we assume the validity of the parties' Interlocal Agreement.

[2] Defendants West, Hudspeth County, and Culberson County have also filed motions to dismiss, though none is part of the present appeal.

district court denied Carrillo's motion. The district court held that Carrillo had failed to adduce any facts demonstrating that he had the lawful authority to hold McGee during the relevant time period. The court noted the limited discretion that a jailer has under Texas law to hold an individual in jail, and held that Carrillo had failed to demonstrate that he acted within that discretion in holding McGee after all charges were dropped. Citing numerous cases in this circuit and elsewhere, the court also held that McGee had successfully alleged a constitutional violation based on the right to be free from illegal detention.

## II. STANDARD OF REVIEW

The denial of a motion to dismiss on qualified immunity grounds is part of a

> "small class of district court decisions that, though short of final judgment, are immediately appealable because they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 251 (5th Cir. 2005) (quoting Behrens v. Pelletier, 516 U.S. 299, 305 (1996) (internal quotation marks omitted)). This court reviews de novo a court's refusal to dismiss a case on grounds of qualified immunity. Id. at 252 (citing Wilkerson v. Stalder, 329 F.3d 431, 434 (5th Cir. 2003)). "When reviewing a denial of qualified immunity on an interlocutory appeal, we are restricted to determinations of 'question[s] of law' and 'legal issues,' and we do not consider 'the correctness of the plaintiff's version of the facts.'" Id. at 251–52 (quoting Mitchell v. Forsyth, 472 U.S. 511, 528 (1985) (alteration in original)).

## III. DISCUSSION

The qualified immunity defense protects government officials from civil liability when they perform discretionary acts that are objectively reasonable in light of clearly established law. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982);

Thomas v. Upshur County, 245 F.3d 447, 456 (5th Cir. 2001). Qualified immunity does not protect government officials who disregard or ignore "settled, indisputable law." Wood v. Strickland, 420 U.S. 308, 321 (1975).

This court requires a government official invoking the qualified immunity defense to show both that he acted in good faith and that such action was within the scope of his discretionary authority. Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992). With regard to the good faith requirement, the defendant must "demonstrate that he acted with a good faith belief that his actions were within his lawful authority, and that reasonable grounds existed for this belief based upon objective circumstances at the time he acted." Douthit v. Jones, 619 F.2d 527, 534 (5th Cir. 1980). A defendant cannot show good faith, in contrast, if he provides a "mere statement" that he believed in good faith that he acted lawfully. Id. at 536. For example, in Douthit this court ruled that a sheriff and deputy were not entitled to qualified immunity when they held a prisoner in jail beyond his sentence for failing to pay a fine. Id. at 535–37. In that case, the sheriff and deputy merely stated that they believed in good faith that their actions were lawful and failed to produce any meaningful documentation that might justify their belief. Id. It is the lack of such documentation on which this appeal founders.

We set out Carrillo's argument that he successfully pleaded that he acted in good faith and within the scope of his discretionary authority. First, he argues that his sole discretionary act was housing McGee pursuant to the Interlocal Agreement, which was made under Texas Government Code § 791.011. Carrillo further suggests that the Interlocal Agreement establishes Hudspeth County's legal authority over McGee, and thus "at no time" was McGee held under the authority of Culberson County or Sheriff Carrillo. Finally, he argues against McGee's claim that he had a "ministerial" duty to release a prisoner by reasoning that cases such as Douthit, which confirmed

4

prison officials' non-delegable duty to incarcerate only prisoners committed by a lawful authority, did not contemplate a situation where one county houses the prisoners of another. Thus, Carrillo argues, he acted in good faith pursuant to the Interlocal Agreement and acted in his discretion by accepting McGee to his jail.

In the present case, the district court was correct in denying Carrillo's Motion to Dismiss because Carrillo has failed to demonstrate that he acted in good faith and within his discretion when he incarcerated McGee after the charges against McGee were dropped. The record as it currently stands lacks the Interlocal Agreement between Culberson and Hudspeth Counties, the original capias ordering McGee into custody, and any other relevant documentation that could guide a court as to whether or not Carrillo was acting in good faith in a matter committed to his discretion.[3] To ask for more is not to commit this case to trial. But it is to say that the case needs to move to the summary judgment stage, with its associated discovery, before the district court will be able to assess whether Carrillo acted in good faith in reliance on the capias under which McGee was held or on the terms of the Interlocal Agreement (which, according to according to Texas Government Code § 791.011(d)(2), must "state the purpose, terms, rights, and duties of the contracting parties").

We agree with the district court that Carrillo "may ultimately demonstrate that he [acted] pursuant to what he believed was a lawful agreement and pursuant to lawful charges." Indeed, we are mindful that the qualified immunity defense "protects the public's interest in enforcement of the laws by ensuring that the threat of liability will not deter an executive official from

---

[3] At oral argument on appeal, McGee's counsel stated, "I have not seen a piece of paper. I haven't even seen the Interlocal Agreement. I have not seen a single document. If Sheriff West had forwarded some document to Sheriff Carrillo upon which Sheriff Carrillo could have based reasonable belief that he had authority to hold the prisoner, that would probably exonerate Sheriff Carrillo." (Appellant's Oral Argument, Sep. 4, 2008.)

exercising his discretion and performing his official duties." Douthit, 619 F.2d at 534. Carrillo's argument about the desirability of granting qualified immunity to sheriffs who temporarily house prisoners from other counties is understandable. But it is premature. We are confined to the pleadings for the purposes of ruling on this appeal, and neither good faith nor discretion has been adequately pleaded.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the Order of the district court; costs shall be borne by Carrillo.